IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge Gudrun J. Rice

Criminal Case No.:   11-mj-00035-GJR

UNITED STATES OF AMERICA,

    Plaintiff,

v.

AMI LYN THOMPSON,

    Defendant.

---

**ORDER SETTING MOTION HEARING AND JURY TRIAL**

---

**ORDER ENTERED BY MAGISTRATE JUDGE GUDRUN J. RICE**
**DATED:   March 20, 2012**

It is hereby **ORDERED** that this matter is set for a three day **jury trial** beginning on May 23, 2012 at 9:00 a.m. before Magistrate Judge Gudrun J. Rice at U.S. Courthouse, Wayne Aspinall Federal Building, 400 Rood Avenue, Room 323, Grand Junction, Colorado, 81501.  The provisions of the Local Rules of this Court and Fed. R. Crim. P. 16 shall be followed by the prosecution and the defense.

**IT IS ORDERED**, that all motions in this case be filed on or before April 10, 2012.

**IT IS ORDERED**, that all responses to motions in this case be filed on or before April 20, 2012.

**IT IS FURTHER ORDERED**, that a Pretrial Conference/Motion Hearing is scheduled on May 15, 2012 at 3:30 p.m. in the United States District Court, Grand Junction, Colorado.  The hearing shall also be considered a pretrial conference requiring the presence of trial counsel who must submit joint proposed jury instructions and a joint proposed jury form.  In order to produce these joint instructions, the parties shall meet and confer sufficiently in advance of the required submission date.  The instructions should be submitted in the order in which the parties wish to have the instructions read.  This order should reflect a single organized sequence agreed to by all of the parties.

The joint jury instructions shall be submitted in three sets as follows: 1) those instructions which are agreed to by all parties; 2) those instructions which are propounded by the Government to which the Defendant objects; and 3) those instructions which are propounded by the Defendant to which the Government objects.

Instructions upon which agreement cannot be reached should reflect the basic disagreements among the parties as to the law.

Attribution and case citation for each instruction should be placed on pages following a proposed instruction.  For disputed instructions, a party should note its objections to a proposed instruction and its reasons for putting forth an alternative instruction.

**INSTRUCTIONS SHALL BE BRIEF, CLEAR, CONCISE, WRITTEN IN PLAIN ENGLISH, FREE OF ARGUMENT, AND SHALL BE ORGANIZED IN LOGICAL FASHION AS TO AID JURY COMPREHENSION**.  Standard or form instructions, if used, must be revised to address the particular facts and issues of this case.

The Court strongly suggests the use of the Tenth Circuit Pattern Jury Instructions (West 2005).

It is further **ORDERED** that each party shall file with the Clerk of the Court and provide the magistrate judge with an original and two copies of the following materials at the beginning of the jury trial:

(A)        Witness list in alphabetical order;

(B)        Exhibit list (see attached format):

1. Trial exhibits shall be pre-marked. The government shall use numbers and the defense shall use letters;

2. The parties are to meet and exchange their pre-marked exhibits before the beginning of the trial.

3. The parties are to pre-determine the designation of any exhibit which is endorsed by more than one party in order to avoid duplication of exhibits;

4. Each party's original trial exhibits shall be used by the witnesses and two copies of the exhibits shall be provided to the magistrate judge;

5. Trial exhibits shall be tabbed and placed into notebooks including the Court's copies of the exhibits, unless an exhibit is incapable of being placed into a notebook; and,

6. Any exhibit which consists of multiple pages shall have each page of the exhibit sequentially numbered for ease of reference by the witness and for clarity of the record.

7. A list of any objections any party has to the opponent's exhibits. These objections shall state in a clear and concise fashion the evidentiary grounds for the objection and the legal authority supporting such objection.  If the authority is the Federal Rules of Evidence, the rule number is to be cited; if the authority is case law the Court is to be provided with a copy of the case.

8. A list of witnesses' scheduling problems indicating times of such witnesses' availability during the trial.

9. A list of stipulated exhibits.

10.  A list of stipulated facts.

11.  A list of any facts of which a party is asking the Court to take judicial notice.

12.  A list of any unique terms intended to be used during the trial, in alphabetical order (examples: medical, commercial, and scientific terms).

It is further **ORDERED** that, in accordance with Rule 17 of the Federal Rules of Criminal Procedure the clerk will issue a blank subpoena, signed and sealed,  to the party requesting it.

It is further **ORDERED**  that a Notice of Disposition shall be filed with the Clerk of the Court no later than May 18, 2012 **AND** a copy shall be provided to the magistrate judge's chambers (**Rice_Chambers@cod.uscourts.gov)** by email in a Word or Word Perfect attachment.